# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND VIOLETTO, JR., | ) |
| Plaintiff, | ) |
| | ) No. 14-cv-03140 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| VILLAGE OF TINLEY PARK, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Raymond Violetto Jr. has worked for the Village of Tinley Park ("Village") as a patrol officer and detective since December 1990. Prior to joining the Village Police Department, Violetto served as a sergeant in the United States Air Force. In his complaint in this matter, he claims that the Village has subjected him to hostility, discrimination, and harassment based on his military status in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Before the Court is the Village's motion to dismiss Violetto's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 9.) For the reasons stated below, the Village's motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Violetto's First Amended Complaint ("Complaint") and accepted as true for the purposes of the Village's motion to dismiss. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Violetto joined the United States Air Force in 1982 and held the rank of sergeant until approximately July 1986, when he retired with an honorable discharge. (First Am. Compl. ¶¶ 10,

12.) On December 3, 1990, Violetto began working for the Village Police Department as a patrol officer. (*Id.* ¶ 11.) He has worked for the Village for over 23 years as a patrol officer and a detective. (*Id.*)

Around March 2010, Violetto took the Civil Service Commission's ("CSC") Sergeant's promotional exam and received the following scores:

- Written Exam (100 Possible Points): 75 Points
- Oral Assessment (50 Possible Points): 45.7 Points
- Merit and Efficacy (12 Possible Points): 11.5 Points
- Seniority (5 Possible Points): 5 Points
- Military (3.5 Possible Points): 3.5 Points
- Total (170.5 Possible Points): 140.7 Points

(*Id.* ¶ 15.) At the time Violetto took the Sergeant's promotional exam, military points were counted just like every other category of points to be awarded and were included in the total used to determine where an individual would be placed on the promotional eligibility register. (*Id.* ¶ 16.) Based on his scores, Violetto placed seventh on the May 4, 2010 final promotional eligibility register. (*Id.* ¶ 17.) He was not promoted.

On or around January 29, 2014, the Village posted a formal notice announcing a Sergeant's promotional exam to take place on March 12, 2014. (*Id.* ¶ 18.) On or around February 4, 2014, Violetto's fellow Village police officer, William Ringoffer, filed a grievance asserting that the procedure for determining a candidate's position on the promotional eligibility register violated an Illinois statute. (*Id.* ¶ 19.) Subsequently, on or around February 18, 2014, the CSC posted a revised notice for the Sergeant's promotional exam setting out a new scoring system under which each candidate would first receive a combined score for the written exam, oral

2

assessment, and merit and efficacy categories based on a 100-point scale. (*Id.* ¶ 20.) Seniority points would then be added to determine the candidate's position on the preliminary promotional eligibility register. (*Id.*) After a candidate had been placed on the preliminary promotional eligibility register he or she could request up to 3.5 military preference points to determine his or her final score and placement on the final promotional eligibility register. (*Id.*)

The scoring system adopted by the Village in 2014 gives more weight to military preference points than the system in place in 2010. Under the latter, any military preference points awarded to a candidate would be included in a possible maximum total of 170.5 points; in contrast, under the 2014 system, the military preference points were included in a possible maximum total of 108.5 points. According to Violetto, the 2010 system "diluted the effect of [his] military service" and violated the CSC's own rules. (*Id.* ¶¶ 23-24.) He claims that had his military preference points been weighted the same in 2010 as they were beginning in 2014, he would have scored 90.1 points in 2010 and may have placed as high as third on the final promotional eligibility register. (*Id.* ¶ 26.) Violetto further alleges that Village Police Department Interim Chief Phillip Valois told him on or around August 12, 2011 that had he been in the top third of candidates, Valois would have chosen Violetto for the position of Investigative Sergeant. (*Id.* ¶ 25.)

To bolster his Complaint, Violetto also cites other alleged incidents at the Village Police Department that he claims demonstrate the disdain held for officers who served in the military, including statements by the Chief of Police and a Sergeant criticizing those who had served in the military and complaints from other patrol officers who claimed that their active military status prevented them from being promoted. (*Id.* ¶ 30.)

Violetto lodged a formal complaint with the Village and the CSC regarding the 2010 scoring method on or around February 22, 2014. (*Id.* ¶ 27.) The Village replied several days later, disagreeing with his position. (*Id.* ¶ 28.)[1] Violetto alleges that the Village retaliated against him after he complained about their process in the following ways: (1) he was not provided with examination preparation materials for the 2014 Sergeant's promotional exam that other, non-military officers received, (2) the Village willfully denied him a promotion to permanent Officer in Charge ("OIC") in the Investigation Division even though he had the most relevant experience, and (3) his work was subject to greater scrutiny than that of other officers, as he was required to "meet and account for all work activities" while other officers were not so required. (*Id.* ¶ 35.)

Violetto now brings the two-count Complaint against the Village. In the first count, he alleges that the Village's unequal, discriminatory, and harassing treatment of him violated USERRA. In the second, he asserts a claim under 42 U.S.C. § 1983, alleging that the Village's policy or practice of discriminating against military and former military personnel violated the Due Process Clause of the Fourteenth Amendment. The Village seeks to dismiss both counts.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleading facts merely consistent with a defendant's liability and legal conclusions disguised as factual allegations is insufficient. *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550

---

[1] The Seventh Circuit has stated that it is proper to "consider documents attached to the complaint as part of the complaint itself." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

**I.      Count I – Violetto's USERRA Claim**

Under USERRA, a member of a uniformed service "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a). Employers are also prohibited from retaliating against individuals for exercising rights afforded to them under USERRA by discriminating against them or taking any other adverse action against them. 38 U.S.C. § 4311(b). The statute provides that an individual's military service may not be "a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such [military service]." *Id*. § 4311(c). "In order to allege a violation of USERRA, a plaintiff must establish that [he] was subject to an adverse employment action and that [his] military service was a motivating factor in that action." *Arroyo v. Volvo Group N. Am., LLC*, No. 12 C 06859, 2014 WL 4922523, at * 14 (N.D. Ill. Sep. 30, 2014)) (citing *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1190 (2011)).

As noted above, Violetto claims that he would have been promoted if his military preference points had been weighted in 2010 in the same manner that they were weighted starting in 2014. As a result, according to Violetto, his preference points were "diluted" in 2010 and he was discriminated against based on his military background. The Complaint also provides examples of statements made by Village Police Department officials regarding individuals with

5

military backgrounds, although Violetto does not allege that any of those statements were made in his presence or that he otherwise was involved in or witnessed the conduct. (*See* First Am. Compl. ¶ 33, Dkt. No. 21.) Violetto further claims that he was retaliated against for complaining about the discrimination he suffered, as Village officials did not give him certain study materials for the 2014 Sergeant's examination that were provided to non-military employees, he was denied a promotion even though he was the most experienced applicant for the position, and he was (and continues to be) subjected to "more scrutiny" than other employees. (*Id.* ¶ 35.)

Violetto's allegations regarding the dilution of his military preference points fail to state a claim under USERRA. Section 4311 of USERRA requires equal treatment for military and non-military employees; it is not intended to protect an employer's decision to provide additional preferential treatment to military employees beyond that provided to non-military employees. *See Crews v. City of Mt. Vernon, et al.*, 567 F.3d 860, 866 (7th Cir. 2009) (finding that a "preferential work scheduling policy . . . previously extended to [National] Guard employees was not a 'benefit of employment' within the meaning of §4311(a), as this benefit was not one generally available to all employees," and therefore rescission of that policy was not an actionable denial of any benefit of employment); *Gross v. PPG Indus., Inc.*, 636 F.3d 884, 898 (7th Cir. 2011) ("In particular, we concluded that § 4311, as an anti-discrimination provision, protected only those benefits of employment provided to both military and non-military employees alike."). In this case, the preference points at issue are available only to employees with military status, and there is no similar or equivalent benefit available to non-military employees. The decision by the Village Police Department to adopt an approach that weighted those military preference points more heavily in 2014 than they had been weighted in 2010 is thus not a violation of USERRA.

Violetto's allegations regarding statements made by Village officials to other employees also are not actionable under USERRA. Violetto has not alleged that these statements were made to him, about him, or in his presence. Additionally, none of the statements are alleged to be in any way connected to the denial of a "benefit of employment" owed to Violetto. Absent a connection to the denial of a benefit of employment to Violetto, these statements cannot provide a basis for his USERRA claim.

Finally, Violetto claims that he was improperly retaliated against for his complaints regarding the Village's treatment of military employees. Specifically, he alleges that he was denied study materials for the 2014 Sergeant's promotional examination that were made available to non-military employees, that the Village failed to promote him to a position for which he was the most qualified candidate, and that his work schedule has been more closely scrutinized than non-military employees.

Under USERRA, an employer is prohibited from taking "any adverse employment action against any person because such person … has taken an action to enforce a protection" available under USERRA. 38 U.S.C. § 4311(b)(1). The Seventh Circuit has explained that, in considering what constitutes an adverse employment action under USERRA, a court may consider how that term has been defined in the context of other civil rights statutes. *Crews*, 567 F.3d at 868-69 ("Although we have not previously discussed the statute's 'adverse employment action' requirement in the specific context of a USERRA retaliation claim, our case law on other civil rights statutes describes those employment actions that are sufficiently 'adverse' to be actionable retaliation."). In *Crews*, the Seventh Circuit described an adverse employment action as "not merely an inconvenience or a change in job responsibilities" but rather an action that "significantly alters the terms and conditions of the employee's job." 567 F.3d at 869.

7

Furthermore, "[m]aterially adverse actions include termination, demotion accompanied by a decrease in pay, or a material loss of benefits or responsibilities, but do not include everything that makes an employee unhappy." *Id.* (internal quotation marks omitted). There is no reason to understand "adverse employment action" differently in the USERRA context.

It is well-established that a failure to promote may be considered an adverse employment action for purposes of a Title VII claim. *See Malin v. Hospira, Inc.*, 762 F.3d 552, 558 (7th Cir. 2014) (citing *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 743-44 (7th Cir. 2002)); *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 802 (7th Cir. 2014). Based on the Seventh Circuit's guidance in *Crews* to interpret the phrase "adverse employment action" for purposes of USERRA in the same manner as that term has been defined for other civil rights statutes, a failure to promote (and, correspondingly, a failure to provide study materials necessary to secure that promotion) may constitute an adverse employment action under USERRA.

To state a retaliation claim, Violetto also must allege that the purported adverse employment actions were taken to retaliate against him for pursuing USERRA protections. While the Village cites a number of cases regarding the need for a plaintiff to produce evidence to establish the link between the adverse conduct and the alleged retaliatory motive, those cases do not apply at the motion to dismiss stage. *See, e.g., Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 435 (7th Cir. 2005) (granting employer's summary judgment motion in part because the plaintiff had not produced any evidence indicating that his employer's facially legitimate reasons for employment decisions were pretextual). Violetto should have the opportunity, through discovery, to prove his claims relating to his inability to secure a promotion. The Village's motion to dismiss the retaliation claims relating to his failure to secure a promotion is therefore denied. As for having to account for his time, however, the allegation as pleaded fails as a matter of law to rise to

the level of an adverse employment action. Violetto alleges no material change in his job responsibilities, other than a requirement that he report satisfactory completion of his duties on a more regular basis. The motion to dismiss the retaliation claim relating to Violetto's allegations concerning accounting for his time is therefore granted.

## II. Count II – Violetto's § 1983 Claim

In addition to his USERRA claim, Violetto also asserts a claim under 42 U.S.C. § 1983, alleging that the Village's conduct violated the Due Process Clause by unlawfully depriving him of a promotion resulting in a loss of pay and benefits. The Village seeks to dismiss this claim on the ground that Violetto's parallel USERRA claim precludes a § 1983 claim based on the same conduct. The case law is relatively sparse on this issue, but at least three district courts have determined that a plaintiff should be precluded from bringing a § 1983 claim based on the same allegations as a parallel USERRA claim. *See Bello v. Vill. of Skokie,* No. 14 C 1718, 2014 WL 4344391, at *7 (N.D. Ill. Sep. 2, 2014); *Ferguson v. Walker*, 397 F. Supp. 2d 964, 970 (C.D. Ill. 2005); *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423, 437 (E.D. Pa. 1998).

In *Bello,* for example, the court observed that, "USERRA's comprehensive remedial structure reflects congressional intent to supersede a plaintiff's ability to assert parallel claims under section 1983." 2014 WL 4344391, at *7. The *Bello* court then proceeded to point out that USERRA provides a private right of action, allows a plaintiff to obtain an injunction or damages, permits recovery for lost pay and benefits (which may be doubled for willful violations), allows recovery of attorney's fees and expenses (and prohibits recovery of the same against a plaintiff), and expands the scope of liability beyond the Equal Protection Clause to allow protection based on military status, which is not considered a suspect class. *Id.* at *6-7. Additionally, the factual claims underpinning the USERRA and § 1983 claims in *Bello* were a "precise match." *Id.* at *7.

For all of these reasons, the *Bello* court concluded that the USERRA claim there precluded the parallel § 1983 claim from proceeding.

This Court agrees with the reasoning in *Bello* and reaches the same result here. Violetto has alleged a due process violation under § 1983 based on the same conduct as his USERRA violation—*i.e.*, discrimination based on his military status as demonstrated by the dilution of his military preference points and the failure to promote him. With regard to his failure-to-promote claim, because USERRA establishes a statutory regime under which Violetto could pursue a private right of action for injunctive relief, damages, lost pay, benefits, and attorney's fees and costs, and because the factual claims underpinning both causes of action are identical, Violetto's § 1983 claim is precluded by his USERRA claim.

The Village concedes, however, that to the extent Violetto asserts that the dilution of his military preference points and denial of a promotion deprived him of a property right without due process, such a claim is not precluded by Violetto's USERRA claim. (Def.'s Reply at 9-10, Dkt. No. 20.) Yet even though it is not precluded, Violetto still cannot sustain a Due Process Clause claim based on deprivation of a property right because he has failed to allege a property interest in his promotion. Count II of the Complaint refers to discriminatory promotional policies by the Village but includes no specific allegation that he had a property interest for which he was denied due process. Violetto must do more than merely repeat the standards for a constitutional due process violation to state a claim under § 1983. *See Looper Maint. Serv. Inc. et al. v. City of Indianapolis et al.*, 197 F.3d 908, 913 (7th Cir. 1999) ("The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of Section 1983 liability devoid of any well-pleaded facts.") (quoting *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728 (7th Cir. 1994) (internal citations omitted)).

Violetto's bare bones allegation that he was deprived of a promotion due to discrimination fails to state a claim for a due process violation based on deprivation of a property right. *See Lee v. Cnty. of Cook*, 862 F.2d 139, 141 (7th Cir. 1988) ("Property rights are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. . . . To assert a property interest, [Plaintiff] must allege enough facts to show that []he has a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause.") (internal citations and quotation marks omitted). Nonetheless, the Court declines to conclude that it would be impossible for Violetto to allege a due process violation based on this theory, and thus will grant him leave to amend his Complaint to state such a claim if he is able to do so.

## CONCLUSION

For the reasons stated above, the Village's motion to dismiss is granted with respect to Violetto's USERRA discrimination claim, his USERRA retaliation claim based on having to account for his time at work, and his § 1983 claim. The motion is denied, however, with respect to Violetto's USERRA retaliation claim based on the failure to promote him or to provide him with exam study materials that were provided to other, non-military employees. Violetto is granted leave to amend his Complaint to properly state a claim for a due process violation under §1983, if he is able to do so consistent with this opinion, on or before September 30, 2015.

ENTERED:

Dated: September 9, 2015

_____
Andrea R. Wood
United States District Judge